(Lucero, J.,
dissenting in part).
I join in most of the dispositional memorandum of my colleagues but dissent as to the Jacksons’ liability for the 2007 tax year. Because the use of the recreational vehicle was an indispensable requirement for the sale of insurance, and any “personal use” of the recreational vehicle in 2007 was purely incidental to that business use, I would állow the Jacksons’ deductions for that year.
Section 280A(d)(l) bars deductions with respect to a dwelling unit used for “personal purposes.” But any such use by the Jacksons during 2007 was necessarily dominated by their business purpose and use: without their recreational vehicle they could not have entered RV rallies to sell insurance. Accordingly, I would consider the Tax Court’s determination as to the Jacksons’ 2007 tax liability to be clearly erroneous. See Hongsermeier v. Comm’r, 621 F.3d 890, 899 (9th Cir. 2010); see also 26 U.S.C. § 7482(a)(1). The Tax Court acknowledged that its result seemed “harsh.” The only way to mitigate that harshness is to allow the deduction. This is a sui generis case with unique facts that are unlikely to arise in any other context; under these circumstances, I would allow the business deduction.